# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | Case No. 2:20-cv-03785-ALM-KAJ |
| | CLASS ACTION |
| This Document Relates To: | |
| ALL ACTIONS | Judge Algenon L. Marbley |
| | Magistrate Judge Kimberly A. Jolson |
| | Special Master Shawn K. Judge |
| MFS Series Trust I, et al., | Case No. 2:21-cv-05839-ALM-KAJ |
| Plaintiffs, | |
| vs. | |
| FirstEnergy Corp., et al., | |
| Defendants. | |
| Brighthouse Funds Trust II – MFS Value Portfolio, et al., | Case No. 2:22-cv-00865-ALM-KAJ |
| Plaintiffs, | |
| vs. | |
| FirstEnergy Corp., et al., | |
| Defendants. | |

**ORDER**

Before the Court is the parties' Joint Motion and Stipulation Regarding Fact Deposition Examinations. Having reviewed the unopposed joint motion and stipulation and finding good cause, the Court **ORDERS** as follows:

1. A party who wishes to question a fact witness at deposition must select one attorney as the primary examiner, and may select another attorney as a secondary examiner.

2. A party wishing to use a secondary examiner shall identify the secondary examiner at or prior to the commencement of the deposition.

3. The secondary examiner will be limited to no more than 30 minutes of questioning.

4. The 30 minutes allotted to the secondary examiner will be included in the total nine hours allocated to the secondary examiner's "side" (*i.e.,* Plaintiffs or Defendants, as the case may be).

5. The secondary examiner must commence their direct (or cross) examination immediately after the primary examiner has concluded their direct (or cross) examination. No further questioning by the primary or secondary examiner shall occur until their re-direct (or re-cross) examinations.

6. The secondary examiner may reserve a portion of the 30 minutes for re-direct (or re-cross) examination, so long as the scope of any re-direct (or re-cross) examination is limited to the subject matter of any other party's intervening cross, re-direct or re-cross examination, as the case may be. The secondary examiner must commence their re-direct (or re-cross) examination immediately after the primary examiner has concluded their re-direct (or re-cross) examination, if any. The scope of the primary examiner's re-direct (or re-cross) examination shall likewise be limited to the subject matter of any other party's intervening cross, re-direct or re-cross examination, as the case may be.

7. Nothing in this Order shall expand or decrease the nine hours of time (or other mutually agreed amount of time) allocated to each "side."

8. As so-ordered in the Deposition Protocol, objections based on an examiner's questioning exceeding the permissible scope shall be reserved for a later appropriate time, and "the only objections permissible during depositions shall be objections to 'form' (and such objection shall preserve any and all objections, not limited only to the form of the question) or instructions regarding attorney-client privilege." (*See* ECF No. 309 at § G.4., PAGEID 6735.)

9. Nothing in this Order is intended, or shall be construed, to affect examinations at any hearing or trial.

IT IS SO ORDERED.

DATED: March 6, 2025

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

DATED: March 5, 2025

SHAWN K. JUDGE (0069493)
SPECIAL MASTER